**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re the Application of:<br><br>THE REPUBLIC OF ECUADOR and DR. DIEGO GARCIA CARRION,<br><br>Applicants,<br><br>For the Issuance of a Subpoena Under 28 U.S.C. § 1782 to Dr. MICHAEL A. KELSH for the Taking of a Deposition and the Production of Documents in a Foreign Proceeding.<br><br>AND RELATED CASES | Case No. 11-mc-80171 CRB (NC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART APPLICANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM DR. MICHAEL A. KELSH**<br><br>Re: Dkt. No. 40<br><br>Related Cases:<br><br>10-mc-80324 CRB (NC)<br>10-mc-80087 CRB (NC)<br>11-mc-80110 CRB (NC)<br>11-mc-80225 CRB (NC)<br>11-mc-80172 CRB (NC) |

The Republic of Ecuador moves to compel the further production of documents from Respondent Kelsh and his former employer, Exponent, Inc., under Federal Rule of Civil Procedure 37. Kelsh, Exponent, and intervenor Chevron Corporation oppose the motion under the authority of amended Federal Rule of Civil Procedure 26.

The issues presented here include whether Rule 26, as amended December 1, 2010, applies to these proceedings; whether Chevron is judicially estopped from taking a position contrary to that previously asserted regarding the application of work product to expert documents and communications; whether Kelsh is a "reporting" or "non-reporting"

expert under Rule 26; and whether Respondents properly withheld documents based on claims of work product and attorney-client privilege. After considering the parties' briefs and the arguments raised at hearing the Court finds as follows: amended Rule 26 applies to these proceedings; Chevron is not judicially estopped from asserting privileges under amended Rule 26; and Kelsh is a reporting expert for purposes of determining work product under the amended rule.

The Court previously ordered Respondents to produce for *in camera* review all documents listed in Respondents' privilege log. Having reviewed the privilege log and related documents *in camera*, the Court orders that certain withheld documents, as specified below, be produced. The Court finds the remaining documents privileged or otherwise protected and, therefore, properly withheld by Respondents. Accordingly, the Republic's motion to compel is GRANTED IN PART AND DENIED IN PART.

## I. BACKGROUND

On June 21, 2011, applicants the Republic of Ecuador and Dr. Diego Garcia Carrion, on behalf of the Republic of Ecuador in his capacity as Attorney General (collectively the Republic), filed an ex parte application for an order under 28 U.S.C. § 1782 to issue a subpoena to Dr. Michael Kelsh for taking of a deposition and the production of documents for use in a foreign proceeding, *Chevron Corporation and Texaco Petroleum Corporation v. The Republic of Ecuador*, PCA Case No. 2009-23, a Bilateral Investment Treaty Arbitration (BIT Arbitration). *See* Section 1782 Appl., Dkt. No. 1.[1] The Republic suggests that discovery from Kelsh will aid its defense of the validity of the Lago Agrio judgment at the BIT Arbitration. *Id.* at 4. The related document requests seek information regarding Kelsh/Exponent's engagement and compensation received from Chevron for the Lago Agrio litigation; documents reviewed

---

[1]The Republic filed nearly identical applications addressed to Kelsh and Exponent seeking "all documents related to Dr. Kelsh's work for Chevron, including his report . . . whether they belong to Dr. Kelsh or to Exponent." *See* Case No. 11-80172, Mem. ISO 1782 Appl., Dkt. No. 2, at 2 n.2. For the purposes of this order, the Court will not distinguish between the two applications.

Case No. 11-mc-80171 CRB (NC)
ORDER RE: MOTION TO COMPEL

by Kelsh/Exponent in preparing expert reports for the litigation; drafts of any report authored by Kelsh/Exponent submitted in the litigation; Kelsh's curriculum vitae; expert reports authored by Kelsh submitted in prior litigations; documents relating to site inspections and testings of soil, water, or other samples relating to the litigation; documents relating to environmental remediation activities; other studies or reports authored by Kelsh regarding health and environmental issues relating to petroleum exploration; and all communications between Kelsh/Exponent and Chevron or other Chevron retained experts. *Id.* at 17-18. The District Court granted the Republic's § 1782 applications on September 23, 2011. Order Appl., Dkt. No. 36. The District Court then referred the Republic's motion to compel, and all further discovery motions, to this Court under Civil Local Rule 72-1. Order Reference, Dkt. No. 44.

Chevron initiated the BIT Arbitration in 2009 to challenge an environmental litigation brought against it by indigenous peoples of Ecuador in the Provincial Court of Justice of Sucumbíos in Lago Agrio, Ecuador, *Maria Aguinda et al. v. Chevron Corporation*, No. 2002-0002 (the Lago Agrio litigation). *Id.* There, Ecuadorian plaintiffs sued Chevron for environmental and health-related effects allegedly caused by oil exploration operations of Texaco, acquired by Chevron in 2001, in the Amazonas region of the country. *Id.* at 3. Dr. Kelsh, an epidemiologist, served as an expert witness designated by Chevron in the Lago Agrio litigation. Dettmer Decl. ¶ 2, Dkt. No. 43. Kelsh submitted various expert reports to the Lago Agrio Court rebutting claims made in court appointed expert Richard Cabrera's global damages assessment report. Section 1782 Appl. at 4. Kelsh's rebuttal reports challenged Plaintiffs' claims of excess cancer deaths, other health problems, and the need for additional health care infrastructure. *Id.* These reports, as well as others authored by Kelsh, were later submitted by Chevron in support of its position in the BIT Arbitration. *Id.*

Citing to these expert reports, Chevron has asked the BIT Arbitration tribunal to review and rule upon the underlying merits of the Lago Agrio action. *Id.* Alternatively, Chevron asks the tribunal for an order requiring the Republic to indemnify Chevron for

3

Case No. 11-mc-80171 CRB (NC)
ORDER RE: MOTION TO COMPEL

1  any damages awarded against it arising out of the environmental litigation.  *Id.*

2       The Republic filed the pending motion to compel asserting that Respondents have

3  improperly withheld nearly 2,000 documents as privileged based on amended Rule 26.

4  Mot. Compel at 5, Dkt. No. 40.  The Republic contends that the old Rule 26 applies to

5  these proceedings and, even if the amended rule were to apply, Respondents have still

6  wrongfully withheld thousands of documents.  Mot. Compel at 11.  Respondents claim

7  that amended Rule 26 applies to these proceedings.  Opp'n Mot. Compel at 6, Dkt. No.

8  42.  Respondents assert work product protection over all work Kelsh performed for trial

9  or in anticipation of litigation under Rule 26(b)(3)(A) and work product protection under

10  amended Rule 26(b)(4) for drafts of Kelsh's expert report and communications between

11  Kelsh and Chevron's counsel, unless a defined exception applies.  *Id.*  Respondents also

12  claim privilege over communications between Kelsh and other Exponent employees;

13  between Kelsh and non-attorney Chevron employees; between Kelsh and so-called third

14  party "agents" of Chevron; and between Kelsh and other experts that submitted reports in

15  the Lago Agrio litigation.  *Id.* at 12-13.  Respondents further assert that the Republic has

16  not shown "substantial need" for any of the withheld documents.  *Id.* at 16-17.

17       On December 21, 2011, the Court conducted a hearing on the motion to compel at

18  which it ordered Respondents to produce for *in camera* review Respondents' first revised

19  privilege log and all related documents, approximately 1900 in total.  Order Mot. Compel,

20  Dkt. No. 50.  After the hearing, Respondents submitted their nearly 300-page privilege

21  log and a CD containing the withheld documents.  *See id.*

22                 **II.  STANDARD OF REVIEW**

23  **A.  Work Product under Federal Rule of Civil Procedure 26(b)(3)**

24       Federal Rule of Civil Procedure 26(b)(3) codifies the work product doctrine and

25  shields from discovery documents and tangible things prepared by a party or its

26  representative in anticipation of litigation.  *See In re Grand Jury Subpoena (Torf)*, 357

27  F.3d 900, 906 (9th Cir. 2004).  "At its core, the work product doctrine shelters the mental

28  processes of the attorney, providing a privileged area within which he can analyze and

4

prepare his client's case." *United States v. Noble*, 422 U.S. 225, 238 (1975).  Protected

items include the mental impressions, conclusions, opinions, or legal theories of a party's

attorney.  *See* FED. R. CIV. P. 26(b)(3).

To qualify for protection under Rule 26(b)(3) the documents must be prepared in

anticipation of litigation or for trial, and they must be prepared by or for a party to the

litigation or by or for that party's representative.  *In re California Pub. Utils. Comm'n*,

892 F.2d 778, 780-81 (9th Cir. 1989) (quoting FED. R. CIV. P. 26(b)(3)).

The work product doctrine is not an absolute bar to discovery of materials

prepared in anticipation of litigation.  Work product can be produced upon a showing that

the party seeking discovery has substantial need of the materials in the preparation of the

party's case and that the party is unable without undue hardship to obtain the substantial

equivalent of the materials by other means.  FED. R. CIV. P. 26(b)(3).

**B. Application of Work Product Doctrine to Expert Witness Materials under Rule 26(b)(4)**

Under Federal Rule of Civil Procedure 26(b)(1), a party may discover from

another party any nonprivileged matter that is relevant to any claim or defense.  FED. R.

CIV. P. 26(b)(1).  The current version of Rule 26 expressly provides work product

protection for expert witness materials including drafts of an expert's report (Rule

26(b)(4)(B)) and communications between the party's counsel and reporting experts

(Rule 26(b)(4)(C)), unless a defined exception applies (Rule 26(b)(4)(C)(i)-(iii)).  FED. R.

CIV. P. 26(b)(4)(C).  These three exceptions concern: (1) communications pertaining to

the expert's compensation; (2) facts or data that the attorney provided and the expert

considered in forming opinions; and (3) assumptions that the attorney provided on which

the expert relied.  *Id.*

## III.  DISCUSSION

**A.  Amended Rule 26 Governs this Dispute**

A preliminary question is whether the 2010 amendments to Rule 26 apply to this

dispute.  The current amendments to Rule 26 took effect on December 1, 2010.  FED. R.

CIV. P. 26.  The amended rules apply to proceedings in actions commenced after their

5

Case No. 11-mc-80171 CRB (NC)
ORDER RE: MOTION TO COMPEL

1  effective date, and to proceedings then pending unless the court determines applying the

2  amended Rule "would be infeasible or work an injustice." FED. R. CIV. P. 86(a).

3          The Republic contends that because the BIT Arbitration, which commenced in

4  September 2009, predated the 2010 amendments, pre-amended Rule 26 should apply to

5  these proceedings. Mot. Compel at 7. The Republic also asserts that pre-amendment rule

6  26 should apply to give the Republic access to the same type of expert discovery already

7  afforded to Chevron. Mot. Compel at 6. Respondents assert that the § 1782 applications

8  here are their own proceedings, separate from the foreign controversy, and that the

9  Republic initiated the § 1782 proceedings after the effective date of the amendments.

10  Opp'n Mot. Compel at 6.

11          The § 1782 application proceedings at issue commenced on July 21, 2011, nearly

12  two years after Chevron initiated the BIT Arbitration. *See* Section 1782 Appl at 2. The

13  Republic proffers no argument why it waited until after the effective date of the Rule 26

14  amendments to file the relevant applications. *See id.* at 7.

15          The Court finds applying the amended version of Rule 26 in this case is just and

16  practicable and would not work a manifest injustice. *See United States v. Sierra Pac.*

17  *Indus.*, No. 09-cv-02445 KJM, 2011 U.S. Dist. LEXIS 60372, at *10-12 (E.D. Cal. May

18  26, 2011) (finding application of amended Rule 26 as just and practicable where expert

19  disclosures occurred pre-amendment but expert depositions took place after amended

20  Rule 26 effective date); *see also In re Republic of Ecuador (Mackay)*, No. 12-mc-0008

21  GSA, 2012 U.S. Dist. LEXIS 17948, at *4 (E.D. Cal. Feb. 14, 2012) (Section 1782

22  application filed after effective amendment date). Accordingly, the Court decides the

23  present issue with reference to the amended version of Rule 26.[2]

24  _____

25          [2]The Republic cites a decision issued by a U.S. magistrate judge of the Northern
    District of Florida applying the pre-amended Rule 26 as the "only court to have addressed
26  the issue in connection with the Republic's related Section 1782 Applications." Mot.
    Compel at 7 (citing *In re Republic of Ecuador (Hinchee)*, No. 11-mc-73 RH (WCS), at
27  *14-16 (N.D. Fla. Aug. 24, 2011)). A recent decision by the Northern District of Florida
    District Court reversed – finding that application of amended Rule 26 is "feasible" and
28  "just." *In re Republic of Ecuador (Hinchee)*, No. 11-mc-73 RH (WCS), at *9-10 (N.D.

Case No. 11-mc-80171 CRB (NC)
ORDER RE: MOTION TO COMPEL

## B. Kelsh is a Testifying Expert as Defined under Rule 26(a)(2)(B)

The Republic asserts that Kelsh was not specifically retained to proffer expert testimony in the BIT Arbitration and, therefore, is akin to a "fact witness" or non-reporting testifying expert in this matter. Mot. Compel at 10. The Court disagrees.

Chevron retained Dr. Kelsh as a testifying expert under Rule 26(a)(2)(B) in the Lago Agrio litigation. Opp'n Mot. Compel at 7. Kelsh then provided expert reports in 2008 and 2009 for the BIT Arbitration. *Id.* The exception afforded under Rule 26(b)(4)(D) as to communications between the party's attorney and non-reporting expert witnesses, such as a treating physician, is inapplicable here. *See Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 819 (9th Cir. 2011) (treating doctors who, after treatment was concluded, were asked to opine on matters outside scope of treatment they rendered deemed "reporting" experts for purposes of Rule 26(a)(2)). "The distinguishing characteristic between expert opinions that require a report and those that do not is whether the opinion is based on information the expert witness acquired through percipient observations or whether, as in the case of retained experts, the opinion is based on information provided by others in a manner other than by being a percipient witness to the events in issue." *Sierra Pac. Indus.*, 2011 U.S. Dist. LEXIS 60372, at *16. Dr. Kelsh falls into the latter category – his expert reports were prepared for trial and in anticipation of litigation, both in the Lago Agrio litigation and the BIT Arbitration. Here, the Republic seeks documents from Kelsh in his role as an expert witness. As such, communications between Chevron's counsel and Kelsh, and/or his assistants, concerning Kelsh's expert opinions are protected work product to the extent provided in Rule 26(b)(4)(C).

## C. Chevron is not Judicially Estopped from Asserting Work Product

The Republic also contends that Chevron should be judicially estopped from asserting privileges, including work product, due to Chevron's previous representations

---

Fla. Dec. 8, 2011).

Case No. 11-mc-80171 CRB (NC)
ORDER RE: MOTION TO COMPEL

that the Ecuadorian environmental experts could assert no testimonial or documentary

privilege under Rule 26. Mot. Compel at 9. As recently noted by a district court in a

related proceeding, contrary to the estoppel arguments made by the Republic about

Chevron's prior discovery conduct, "there is nothing improper about obtaining a ruling

under the rules as they exist at the time and later, after the rules are amended, asserting

that the amendments govern further proceedings." *In re Application of Ecuador

(Hinchee)*, No. 11-mc-73 RH (WCS), at *6-7 (N.D. Fla. Dec. 8, 2011). This Court agrees

with the decision of the District Court in *Hinchee*.

**D. Work Product for Expert Witness Materials under Amended Rule 26**

Throughout its privilege log, Respondents assert that work product protection

applies to draft "notes," "letters," "memoranda," and "outlines" created by Kelsh and

other Exponent employees as "draft reports" under Rule 26(b)(4)(B). Respondents'

privilege log also contains as "work product" documents drafted by Exponent employees,

non-attorney Chevron employees, and other third parties listed as "agents" of Chevron.

In addition, the log includes as work product communications between Kelsh and his

staff; communications between Kelsh/Exponent and non-attorney Chevron employees;

communications between Kelsh/Exponent and "agents" of Chevron; and communications

between Kelsh/Exponent and other testifying experts from the Lago Agrio litigation. The

Court finds, as outlined below, that expert materials and communications that fall outside

the scope of Rule 26(b)(4)(B)-(C) are not work product and are, therefore, discoverable.

**1. Application of Rule 26(b)(4)(B) to Draft Reports**

Amended Rule 26 expressly provides work-product protection for "drafts of any

report or disclosure required under Rule 26(a)(2), regardless of the form in which the

draft is recorded." FED. R. CIV. P. 26(b)(4)(B). The same is true for drafts of any

supplemental reports under Rule 26(e). FED. R. CIV. P. 26(b)(4) (2010 Advisory

Committee Notes).

Respondents maintain that documents such as draft worksheets, notes, memoranda,

outlines and draft letters prepared by Kelsh or other Exponent employees are either "draft

expert reports" and therefore fall within the ambit of Rule 26(b)(4)(B) or should be protected as general work product under Rule 26(b)(3). *See, e.g.*, MAK_PL00011 (notes), MAK_PL000027 (draft worksheet), MAK_PL000174 (draft report), MAK_PL000196 (draft report), MAK_PL000266 (presentation), MAK_PL000283 (memorandum), MAK_PL000357 (outline), MAK_PL000671 (task list).

### a. Draft Worksheets Created by Kelsh and/or Exponent

Amended Rule 26 provides work product protection for draft reports and disclosures required under Rule 26(b)(3)(A) and (B), regardless of the form in which the draft is recorded. FED. R. CIV. P. 26(b)(4)(B). Such protected disclosures include draft worksheets created by Kelsh or his assistants[3] for use in his expert reports. *See, e.g.*, MAK_PL000009, MAK_PL000104 MAK_PL000198 MAK_PL000336, MAK_PL000354, MAK_PL001365, MAK_PL001825. Draft worksheets by non-attorney Chevron employees, however, are not expert draft reports and must be produced. *See, e.g.*, MAK_PL000420-421 (draft worksheets authored by Chevron employee).

Draft reports by Kelsh or Exponent, including draft worksheets, are treated as qualified work product, where discovery may be ordered by the court based upon a showing of "substantial need" for case preparation and that the information cannot, without undue hardship, be obtained by other means. FED. R. CIV. P. 26(b)(3)(A)(ii). The Court finds that the Republic has not made the required showing of substantial need to overcome work product protection for draft worksheets prepared by Kelsh, or his assistants. *See* FED. R. CIV. P. 26(b)(4) (2010 Advisory Committee Notes) ("It will be rare for a party to be able to make such a showing given the broad disclosure and discovery otherwise allowed regarding the expert's testimony.").

*///*

---

[3]The term "expert" includes assistants of the expert witness. FED. R. CIV. P. 26(b)(4) (2010 Advisory Committee Notes).

9

### b. Notes, Outlines, Memoranda, Presentations, and Letters by Kelsh/Exponent, Non-Attorney Chevron Employees, and Other Lago Agrio Experts Not Work Product

Respondents' privilege log asserts work product protection for various notes, task lists, outlines, memoranda, presentations, and letters drafted by Kelsh, his assistants, non-attorney Chevron employees, and other Lago Agrio experts. *See, e.g.*, MAK_PL000231, MAK_PL000237, MAK_PL000241, MAK_PL000247, MAK_PL000251, MAK_PL000261, MAK_PL000268, MAK_PL000270, MAK_PL000271, MAK_PL000313, MAK_PL000671. The intention of the work product rule is to protect the mental impressions and legal theories of a party's attorney, not its experts. FED. R. CIV. P. 26(b) (2010 Advisory Committee Notes) ("[T]he court must protect against disclosure of the attorney's mental impressions, conclusions, opinions, or legal theories under Rule 26(b)(3)(B)"). Respondents assertion of work product protection as applied to memoranda drafted by Chevron's counsel is proper. *See, e.g.*, MAK_PL000599.

This protection, however, does not extend to the expert's own development of the opinions to be presented outside of draft reports. *See* FED. R. CIV. P. 26(b) (2010 Advisory Committee Notes); *see also Republic of Ecuador v. Bjorkman*, No. 11-cv-01470 WYD (MEH), 2012 U.S. Dist. LEXIS 709, at *17 (D. Colo. Jan. 4, 2012) (expert may not withhold any documents based upon Rule 26(b)(3) work product doctrine except those specifically protected by Rule 26(b)(4)(B)-(C)). Examples include: MAK_PL000268 (presentation by Kelsh and non-attorney Chevron employee); MAK_PL000617 (presentation by a non-attorney Chevron employee); MAK_PL000357 and MAK_PL000365 (outlines drafted by Kelsh); MAK_PL000403-000406 (memoranda drafted by Exponent employees); MAK_PL000407-000408 (notes drafted by Exponent employees); and MAK_PL000650 (draft letter by Kelsh responding to recent publication); MAK_PL001240-41 (outlines by third party consultant). Such items are not draft expert reports under Rule 26(b)(4)(B).[4] Nor are they communications between any

---

[4] *See* FED. R. CIV. P. 26(b)(4) (2010 Advisory Committee Notes) ("Rules 26(b)(4)(B) and (C) do not impede discovery about the opinions to be offered by the

10

Case No. 11-mc-80171 CRB (NC)
ORDER RE: MOTION TO COMPEL

expert and counsel. *See* FED. R. CIV. P. 26(b)(4)(b). The Court finds that notes, task lists, outlines, memoranda, presentations, and draft letters authored by Kelsh and/or Exponent, non-attorney Chevron employees, and other testifying experts from the Lago Agrio litigation must be disclosed as they are not protected as draft reports and are not independently protected as work product. The Court GRANTS the Republic's motion to compel as to these categories of documents.

### c. Content of Draft Reports

To qualify as work product under Rule 26(b)(4)(B), draft reports must be authored or co-authored by Dr. Kelsh, Exponent, or other reporting experts in the underlying litigation. *See, e.g.*, MAK_PL000196 (draft report authored by Kelsh, McHugh, and Tomasi, all reporting experts). They must also be drafts of reports ultimately submitted in the Lago Agrio litigation or BIT Arbitration. *See* FED. R. CIV. P. 26(b)(4)(B).

Certain documents contained in Respondents' privilege log as "draft reports" are in fact notes or memoranda. *See, e.g.*, MAK_PL000169 (notes); MAK_PL000229 (memorandum by consultant epidemiologist); MAK_PL000280 (technical memorandum by Exponent); MAK_PL000621 (question and responses). For example, Respondents maintain that document MAK_PL000229 is a draft report authored by a consultant epidemiologist, Lowell Sever. The Court's *in camera* review reveals that MAK_PL000229 is a review of recent reports and publications, not a draft report.

Respondents are ordered to produce any memoranda, notes, outlines, and reviews mislabeled as draft reports and amend their privilege log accordingly.

### 2. Communications to/from Experts

Respondents claim that any "documents prepared by him [Dr. Kelsh] and provided to him" that were prepared in anticipation of litigation fall within the scope of Rule 26(b)(3)(A)'s protection for trial preparation material and are, therefore, properly

---

expert or the development, foundation, or basis of those opinions. For example, the expert's testing of material involved in litigation, and notes of any such testing, would not be exempted from discovery by this rule.").

11

withheld. Opp'n Mot. Compel at 8. Under this premise, Respondents assert work product for communications between Kelsh and other Exponent employees; between Kelsh/Exponent and non-attorney Chevron employees; between third party "agents" of Chevron; and between Kelsh and other testifying Lago Agrio experts.

### a. Communications between Kelsh and Other Exponent Employees

Respondents assert that communications between Kelsh, his assistants, and other Exponent employees are privileged work product. *See, e.g.*, MAK_PL000417 (e-mail between Kelsh and L. Morimoto); MAK_PL000692 (e-mail between Exponent employees and Kelsh); MAK_PL000697 (same); MAK_PL000699 (e-mail between Exponent employee and Kelsh).[5] Communications between Kelsh and his assistants and Chevron's attorneys are expressly protected as work product under Rule 26(b)(4)(C). *See* FED. R. CIV. P. 26(b)(4) (2010 Advisory Committee Notes) ("Protected 'communications' include those between the party's attorney and assistants for the expert witness."). Because the term "expert" includes assistants of the expert, such internal communications, as well as those between Kelsh's assistants and Chevron attorneys, are protected work product. *See* FED. R. CIV. P. 26(b)(4) (2010 Advisory Committee Notes). The Republic's motion to compel as to this category of documents is DENIED.

### b. Communications between Chevron's Non-Attorney Employees and Kelsh/Exponent

Respondents assert that communications among Kelsh, his assistants, and non-attorney Chevron employees are protected under Rule 26(b)(3) as documents created in anticipation of litigation. Opp'n Mot. Compel at 8; *see, e.g.*, MAK_PL000418 (e-mail from Chevron employee to other Chevron employee, Kelsh and Exponent employee);

---

[5]The Court notes that Respondents label certain documents, *e.g.*, MAK_PL000708-709, MAK_PL000721, MAK_PL000726, MAK_PL000740, MAK_PL000751, MAK_PL000763, as work product and attorney-client privileged. The Court's *in camera* review reveals these communications are not attorney-client privileged, as they contain no communication between client and attorney, but are work product as communications between Kelsh/Exponent and Chevron's counsel. Because they are work product, under Rule 26(b)(4)(C) such documents need not be produced.

12

1  MAK_PL000694 (e-mail exchange between Chevron employee and Exponent employee

2  copying Kelsh); MAK_PL000703 (e-mail between Exponent employee and third party

3  GSI Environmental Inc. employee, copying Kelsh, Chevron attorney, and Chevron

4  employee); MAK_PL001288 (e-mail from Chevron employee to Kelsh, copying other

5  Chevron employees); MAK_PL001318 (e-mail from Chevron employee to other Chevron

6  employee and Kelsh).

7       The work product doctrine is to be narrowly construed as "its application can

8  derogate from the search for the truth." *United States v. 22.80 Acres of Land*, 107 F.R.D.

9  20, 22 (N.D. Cal. 1985). The party seeking to invoke the work product doctrine bears the

10 burden of establishing all the requisite elements, and any doubts regarding its application

11 must be resolved against the party asserting the protection. *Id.*

12      The Court finds the work product protection afforded under amended Rule 26 is

13 not as broad as Respondents propose in this area. If the rules committee intended to

14 protect from disclosure all expert information prepared in anticipation of litigation, it

15 would not have refashioned section 26(b)(4) specifically to address expert discovery. *See*

16 *Republic of Ecuador v. Bjorkman*, No. 11-cv-01470 WYD (MEH), 2012 U.S. Dist.

17 LEXIS 709, at *17 (D. Colo. Jan. 4, 2012) (finding expert may not withhold any

18 documents based upon Rule 26(b)(3) work product doctrine except those specifically

19 protected by Rule 26(b)(4)(B) and (C)); *see also In re Asbestos Products Liability*

20 *Litigation (No. VI)*, No. MDL 875, 2011 U.S. Dist. LEXIS 143009, at *19 (E.D. Pa. Dec.

21 13, 2011) (analyzing transmittal letters from counsel to expert under Rule 26(b)(4) as

22 opposed to under Rule 26(b)(3)(A)). As the Advisory Committee notes to the 2010

23 amendments reveal, work product protection is limited to communications between an

24 "expert witness required to provide an expert report under Rule 26(a)(2)(B) and the

25 attorney for the party on whose behalf the witness will be testifying." FED. R. CIV. P.

26 26(b)(4)(C) (2010 Advisory Committee Notes); *Dongguk Univ. v. Yale Univ.*, No.

27 08-cv-00441 TLM, 2011 WL 1935865, at *1-2 (D. Conn. May 19, 2011) (finding narrow

28 work product protections for expert materials as defined under Rule 26(b)(4) to include

13

draft reports and attorney-expert communications).

Here, communications among non-attorney Chevron employees and Kelsh are not work product and simply labeling them "work product" or "attorney-client privilege" does not suffice. *Oracle Am., Inc. v. Google, Inc.*, No. 10-cv-03561 WHA (DMR), 2011 U.S. Dist. LEXIS 96121, at *17 (N.D. Cal. Aug. 26, 2011). Nor does copying an attorney on a communication automatically render it work product. *Id.* (citing *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981)); *see, e.g.*, MAK_PL000703 (e-mail re: translation of documents from Exponent employee to third party consultant, copying Chevron attorney). Respondents provide no indication that these communications include the "theories or mental impressions of counsel." FED. R. CIV. P. 26(b)(4)(C) (2010 Advisory Committee Notes). The Court's *in camera* review reveals that e-mails between Kelsh, his assistants, and non-attorney Chevron employees, including those in which attorneys are copied, *e.g.*, MAK_PL000703 and MAK_PL000715, are not work product and must be disclosed. The Republic's motion to compel as to communications between non-attorney Chevron employees and Kelsh, or his assistants, is GRANTED.

### c. Non-Attorney Chevron "Agent" Communications Not Work Product

Respondents label certain third party consultants (*e.g.*, Golder Associates, NewFields, CH2M Hill, ENTRIX, Quantum Informe, GSI Environmental, Inc., Doug Reagan & Associates) as Chevron's "agents," seeking protection as to their communications with Chevron attorneys, with Kelsh and his assistants, and with one another under Rule 26(b)(3)(A). *See, e.g.*, MAK_PL000703 (e-mail communication between Exponent employee and GSI Environmental, Inc. employee); MAK_PL000715 (e-mail communications among Kelsh, Exponent employees, Chevron employees, and third party consultant expert); MAK_PL000864 (e-mail between Exponent employee, third party CH2M Hill employee, and Chevron employee); MAK_PL001289 (e-mail chain including third party consultants, reporting experts, and Chevron employees).

Work product extends specifically to communications between experts who must produce a comprehensive expert report under Rule 26(a)(2)(B) and a party's attorney.

14

FED. R. CIV. P. 26(b)(4)(C). The Advisory Committee Notes foreclose the notion that consulting experts are afforded protection as "agents" of a party or that party's attorney. FED. R. CIV. P. 26(b)(4)(C) (2010 Advisory Committee Notes) ("The rule does not itself protect communications between counsel and other expert witnesses, such as those for whom disclosure is required under Rule 26(a)(2)(C)"). Nor does protection exist for communications between an expert witness and a consulting expert. *See Chevron Corp. v. Barnthouse*, No. 10-mc-00053 SSB (KLL), at *2-3 (S.D. Ohio Dec. 8, 2010) (finding no work product for communications between testifying expert and party's consulting expert). In sum, communications between Chevron's attorneys and consulting experts; between Kelsh/Exponent and consulting experts; or between various consulting experts cannot be cloaked as communications between "Chevron's litigation team members" and other Chevron "agents" to fit within the confines of Rule 26(b)(3). The Republic's motion to compel as to these communications is GRANTED.

### d. Communications between Kelsh/Exponent and Other Lago Agrio Testifying Experts

Certain documents labeled work product in Chevron's privilege log pertain to communications between other Lago Agrio testifying experts and Kelsh/Exponent. *See, e.g.*, MAK_PL000994 (e-mail from Kelsh to other Lago Agrio expert); MAK_PL001008 (e-mail from other Lago Agrio expert to Kelsh). The amendments to Rule 26 provide no change in the discovery of communications between Kelsh/Exponent and other Lago Agrio testifying experts. *Penn Nat'l Ins. Co. v. HNI Corp.*, 245 F.R.D. 190, 194 (M.D. Pa. 2007) ("Courts have repeatedly observed that once a party has given testimony through deposition or expert reports, those opinions do not 'belong' to one party or another, but rather are available for all parties to use at trial….").

The Advisory Committee clarified that the amendments are meant to protect the disclosure of two types of discovery: an expert's draft reports and the communications between a retained reporting expert and the party's attorney. FED. R. CIV. P. 26(b) (2010 Advisory Committee Notes). Respondents cannot withhold communications between their testifying experts under a rule that protects only attorney-expert communications.

15

1    *Id.* ("[I]nquiry about communications the expert had with anyone other than the party's

2    counsel about the opinions expressed is unaffected by the rule."). Because

3    communications among the numerous reporting expert witnesses listed in Respondents'

4    privilege log are not those between expert Kelsh and any attorney, the Republic's motion

5    to compel as to communications between Kelsh/Exponent and other Lago Agrio testifying

6    experts is GRANTED.

### III. CONCLUSION AND ORDER

8        The Republic's motion to compel is GRANTED in part and DENIED in part,

9    consistent with the findings set forth above. The Court orders Respondents to produce

10   the following categories of documents:

11        (1) Notes, outlines, memoranda, presentations, reviews and letters drafted by

12   Kelsh, other Exponent employees, non-attorney Chevron employees, and other retained

13   and non-retained experts, including those incorrectly labeled as "draft reports";

14        (2) Communications between Kelsh/Exponent and non-attorney Chevron

15   employees, even where an attorney is copied;

16        (3) Communications between Kelsh/Exponent and third party expert consultants or

17   those among third party consultants and Chevron employees; and

18        (4) Communications between Kelsh/Exponent and other Lago Agrio testifying

19   experts.

20        Respondents are further ordered to amend their privilege in accordance with this

21   order. Respondents must produce the above listed categories of documents and their

22   amended privilege log to the Republic by April 4, 2012. Any party may object to this

23   nondispositive pretrial order within 14 days of the filing date of this order. *See* Civil

24   Local Rule 72-2.

25        IT IS SO ORDERED.

26

       DATED: March 9, 2012

27

28                      NATHANAEL M. COUSINS
                      United States Magistrate Judge

Case No. 11-mc-80171 CRB (NC)
ORDER RE: MOTION TO COMPEL