Eric W. Bloom (admitted *pro hac vice*)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006
Telephone:     (202) 282-5000
Facsimile:      (202) 282-5100
ebloom@winston.com

Richard A. Lapping (SBN: 107496)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Telephone:     (415) 591-1000
Facsimile:      (415) 591-1400
rlapping@winston.com

Attorneys for Applicants,
THE REPUBLIC OF ECUADOR
and DR. DIEGO GARCÍA CARRIÓN,
THE ATTORNEY GENERAL OF
THE REPUBLIC OF ECUADOR

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re* Application of:<br><br>THE REPUBLIC OF ECUADOR and DR. DIEGO GARCÍA CARRIÓN, the Attorney General of the Republic of Ecuador,<br><br>Applicants,<br><br>For the Issuance of Subpoenas Under 28 U.S.C. §1782(a) for the Taking of Depositions of and the Production of Documents by MICHAEL A. KELSH and EXPONENT, INC., D/B/A DELAWARE EXPONENT, INC., for Use in a Foreign Proceeding.<br><br>Respondents. | Case No. 11-mc-80171-CRB<br><br>**APPLICANTS' NOTICE OF RECENT DECISION** |

On November 2, 2012, Judge Robert L. Hinkle ordered Chevron and its expert to produce all documents on its privilege log to the Republic that were not draft reports or communications with Chevron's attorneys containing attorney mental impressions and that any remaining documents were to be produced for *in camera* review.  *In re Republic of Ecuador* (Hinchee), No. 11-mc-73, 2012 WL 5519611, at *5 (N.D.Fla Nov. 2, 2012).  As a result respondents in that action produced an additional 1,073 documents to the Republic, leaving about 200 documents for the district court to review *in camera*.

By this Notice, the Republic respectfully advises this Court that on January 14, 2013, Judge Hinkle upheld the remainder of Chevron and its expert's privilege claims with one possible exception.  After noting that the work product doctrine protects only the mental processes of attorneys, the district court ordered respondents there to produce a translation of an expert's reply email to an attorney's question — respondents produced the attorney's original question but had redacted the expert's response.

A true and correct copy of the District Court of the Northern District of Florida's decision is attached as Exhibit A.

Dated: January 15, 2013

Respectfully submitted,

*/s/ Eric W. Bloom*
Eric W. Bloom
1700 K Street, N.W.
Washington, D.C. 20006
Telephone:    (202) 282-5000
Facsimile:    (202) 282-5100
ebloom@winston.com

*Attorney for the Republic of Ecuador and
Dr. Diego García Carrión, the Attorney General of
the Republic Of Ecuador*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2013, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system

*/s/ Eric W. Bloom*
Eric W. Bloom
1700 K Street, N.W.
Washington, D.C. 20006
Telephone:   (202) 282-5000
Facsimile:   (202) 282-5100

# Exhibit A

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

*In re* Application of:

The REPULIC OF ECUADOR and
DR. DIEGO GARCIA CARRION,
the Attorney General of the
Republic of Ecuador,

       Applicants,                     CASE NO. 4:11mc73-RH/CAS

For the issuance of a subpoena under
28 U.S.C. § 1782(a) for the taking of a
deposition and production of documents by
DR. ROBERT HINCHEE,
for use in a foreign proceeding,

       Respondent,

CHEVRON CORPORATION,

       Intervenor-Respondent.

_____/

# ORDER REQUIRING CHEVRON AND DR. HINCHEE TO FILE A TRANSLATION OF REH-RL-00231 AND OTHERWISE UPHOLDING THEIR REMAINING PRIVILEGE CLAIMS

     This proceeding is a small part of an expansive, long-running international dispute. The principal adversaries are the Republic of Ecuador ("the Republic"),

on one side, and on the other, Chevron Corporation—as successor to Texaco Petroleum Company—and Dr. Robert Hinchee.

Dr. Hinchee was a testifying expert for Chevron in earlier litigation in Ecuador. He resides in this district. In connection with an international arbitration proceeding that is now pending, the Republic served a subpoena *duces tecum* requiring Dr. Hinchee to produce a great number of documents. Chevron intervened in support of Dr. Hinchee.

Chevron and Dr. Hinchee asserted that many of the requested documents were protected from disclosure by the attorney-client privilege or work-product doctrine—sometimes collectively referred to in this order, for convenience, as "privilege." Chevron and Dr. Hinchee provided a privilege log. The Republic moved for *in camera* review of the withheld documents. The Republic also moved for *in camera* review of 192 documents that Chevron said were privileged but that it inadvertently produced.

I ordered the *in camera* filing of 40 documents selected by the Republic—20 from the privilege log and 20 that were inadvertently produced. Chevron and Dr. Hinchee filed the documents. I entered an order on November 20, 2012, compelling the production of 39 of the 40 documents. The order directed Chevron and Dr. Hinchee to produce additional documents based on the same parameters

set out in the order and to file *in camera* any for which it continued to claim privilege.

Chevron and Dr. Hinchee now have filed for *in camera* review the documents for which they still claim privilege. This order requires Chevron and Dr. Hinchee to provide additional information for one document but otherwise upholds the privilege claim. With that one possible exception, the documents are draft expert reports, notes on the reports that were plainly part of the drafting process, notes of attorneys showing their mental processes, or privileged communications to or from attorneys—and none are subject to an exception to the attorney-client privilege or work-product doctrine.

The one document requiring additional information has been identified as REH-RL-00231. It consists of an email from an expert to an attorney and the attorney's response. Both are in Spanish. Chevron and Dr. Hinchee produced the attorney's response—and a translation into English—apparently on the ground that it was discoverable under the work-product exception for "facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed." Fed. R. Civ. P. 26(b)(4)(C)(ii). But Chevron and Dr. Hinchee redacted—that is, did *not* produce—the expert's email *to* the attorney. This might well have been proper. But the unredacted copy filed *in camera* does not include a

translation of the material that was redacted. This order requires Chevron and Dr. Hinchee to file a translation for *in camera* review.

For these reasons,

IT IS ORDERED:

By January 28, 2013, Chevron and Dr. Hinchee must file for *in camera* review a translation of the redacted portion of REH-RL-00231. In all other respects the claim of privilege for the documents filed *in camera* on December 7, 2012, is upheld.

SO ORDERED on January 14, 2013.

                                       s/Robert L. Hinkle
                                       United States District Judge