# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re the Application of:<br><br>THE REPUBLIC OF ECUADOR and DR. DIEGO GARCIA CARRION,<br><br>Applicants,<br><br>For the Issuance of a Subpoena Under 28 U.S.C. § 1782 to Dr. MICHAEL A. KELSH for the Taking of a Deposition and the Production of Documents in a Foreign Proceeding.<br><br>AND RELATED CASES | Case No. 11-mc-80171 CRB (NC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL**<br><br>Re: Dkt. No. 97<br><br>Related Cases:<br><br>10-mc-80324 CRB (NC)<br>10-mc-80087 CRB (NC)<br>11-mc-80110 CRB (NC)<br>11-mc-80225 CRB (NC)<br>11-mc-80172 CRB (NC) |

The Republic moves to compel the further production of documents from respondents, Dr. Michael Kelsh and Exponent, Inc., and intervenor, Chevron Corporation, (collectively "respondents"), following respondents' initial production in compliance with this Court's March 9, 2012 order granting in part and denying in part the Republic's motion to compel.

The issue presented is whether respondents continue to withhold improperly two categories of documents, including attorney-expert communications and draft reports of other Chevron experts. The Court previously ordered respondents to produce for in camera review all documents listed in respondents' privilege log, including the at-issue

documents. The Court has now conducted a second in camera review of the documents and orders that certain withheld documents, as specified below, be produced. The Court finds the remaining documents privileged or otherwise protected. Accordingly, the Court GRANTS IN PART AN DENIES IN PART the Republic's motion to compel.

# I. BACKGROUND

## A. Factual and Procedural History

On March 9, 2012, this Court issued an order granting in part and denying in part the Republic's motion to compel documents from Dr. Michael Kelsh. Order Mot. Compel, Dkt. No. 58. The order followed the Republic's subpoena to Dr. Kelsh, a testifying expert for Chevron in the underlying Lago Agrio litigation, and respondents' declination to produce numerous documents in response, on the basis of work product and attorney-expert privileges.[1]

The March 9 order required respondents to produce the following: "(1) notes, outlines, memoranda, presentations, reviews and letters drafted by Kelsh, other Exponent employees, non-attorney Chevron employees, and other retained and non-retained experts, including those incorrectly labeled as 'draft reports'; (2) communications between Kelsh/Exponent and non-attorney Chevron employees, even where an attorney is copied; (3) communications between Kelsh/Exponent and third party expert consultants or those among third party consultants and Chevron employees; and (4) communications between Kelsh/Exponent and other Lago Agrio testifying experts." *Id.* at 17. The Court permitted respondents to withhold two categories of documents, including attorney-expert communications containing attorney mental impressions and draft reports of Dr. Kelsh, his assistants, and other testifying experts in the underlying litigation. *Id.* ("To qualify as work product under Rule 26(b)(4)(B), draft reports must be authored or co-authored by Dr. Kelsh, Exponent, or other reporting experts in the underlying litigation.").

Respondents then moved to stay the Court's motion pending the District Court's review and then the Ninth Circuit's review of the order. Dkt. Nos. 60, 65. On December

---

[1] For additional factual background *see* this Court's March 9, 2012 order, Dkt. No. 58.

Case No. 11-mc-80171 CRB (NC)
ORDER RE MOTION TO COMPEL
2

19, 2012, the Court denied the stay motion and ordered respondents to produce the withheld documents by December 20, 2012. *See* Dkt. Nos. 94, 95. Respondents then produced 684 additional documents as well as a revised privilege and redaction log. Opp'n Mot. Compel at 3, Dkt. No. 99.

**B. The Republic's Renewed Motion to Compel**

The Republic now asserts that respondents continue to withhold improperly two categories of documents, including communications between Kelsh and his assistants, or other unprotected people, and documents labeled as "draft report" where the report was created by another Chevron expert, not Dr. Kelsh (or any alleged co-author). Mot. Compel at 2-3, Dkt. No. 97. The Republic seeks the Court's further in camera review of all documents that respondents continue to withhold. Mot. Compel at 6. Finally, the Republic seeks to extend Dr. Kelsh's deposition by an additional 7-hour day of deposition time. Mot. Compel at 6-7.

Respondents oppose the motion asserting that they have complied fully with the Court's March 9 order, properly withholding communications that include attorneys and reflect the mental impressions of counsel. Opp'n Mot. Compel at 3. As for the draft reports, respondents state that they properly withhold 27 draft reports authored by Dr. Kelsh, Exponent, or other reporting experts in the underlying litigation. *Id.* at 7. Respondents assert that a further in camera review of the at-issue documents is unnecessary. *Id.* They also suggest that additional deposition of Dr. Kelsh is needless as the Republic has not cited any newly produced documents that warrant additional deposition time, and the Republic had "more than ample opportunity to take Dr. Kelsh's deposition." Opp'n Mot. Compel at 9.

The Court finds the motion appropriate for determination without oral argument and VACATES the January 16, 2013 hearing. *See* Civil L.R. 7-1(b).

//

## II. DISCUSSION

**A. Withheld Documents**

**1. Communications between Kelsh and Others that Include Attorney**

As this Court already determined, communications between Kelsh, his assistants, and non-attorney Chevron employees are not work product and "simply labeling them work product or attorney-client privileged does not suffice . . . Nor does copying an attorney on a communication automatically render it work product." March 9 Order at 14. Instead, the test is whether the document at issue reflects the mental impressions of counsel. *See id.* (citing Fed. R. Civ. P. 26(b)(4)(C) (2010 Advisory Committee Notes)).

The Court has now conducted a second in camera review of the 17 communications at issue and finds as follows: emails between Kelsh, his assistants, and non-attorney Chevron employees where an attorney is included on the email, but where counsel's mental impressions are not reflected nor is advice of counsel sought, are not privileged. In addition, communications between Kelsh, his assistants, and other Lago Agrio experts are not privileged. Accordingly, respondents are ordered to produce the following documents: MAK_PL000775; MAK_PL000821; MAK_PL000830; MAK_PL001000; MAK_PL001178; MAK_PL001277; MAK_PL001307; MAK_PL001348; MAK_PL001351; MAK_PL001408; MAK_PL001439; MAK_PL001514; MAK_PL001528; MAK_PL001627; and MAK_PL001665.

Communications between an attorney and Kelsh, his assistants, and non-attorney Chevron employees that reflect counsel's mental impressions are privileged, including MAK_PL000820. Finally, internal communications between Kelsh and his assistants are also protected, including MAK_PL001819. Respondents need not produce these two documents.

**2. Draft Reports**

The Republic next argues that respondents continue to withhold at least 27 documents categorized as "Draft Report" where the report was created by another Chevron expert, not Dr. Kelsh (or any alleged coauthor). Mot. Compel at 3. In its March 9, 2012 order, the Court ruled that "[t]o qualify as work product under Rule 26(b)(4)(B), draft reports must be authored or co-authored by Dr. Kelsh, Exponent, or other reporting experts in the underlying litigation." March 9 Order at 11.

The Court has conducted a second in camera review of the 27 draft reports

mentioned in the Republic's motion to compel. The Court finds that 26 of the documents are in fact draft reports authored by reporting experts in the underlying litigation and are therefore work product. *See id.*[2] Such protected draft reports include: MAK_PL000635, MAK_PL001028, MAK_PL001078, MAK_PL001122, MAK_PL001154, MAK_PL001155, MAK_PL001176, MAK_PL001214, MAK_PL001252, MAK_PL001266, MAK_PL001285, MAK_PL001317, MAK_PL001343, MAK_PL001388, MAK_PL001406, MAK_PL001411, MAK_PL001659, MAK_PL001688, MAK_PL001794, MAK_PL001814, MAK_PL001829, MAK_PL001851, MAK_PL001862, MAK_PL001894, MAK_PL001917, and MAK_PL001919.

The Court finds that one document, MAK_PL001765, is not in fact a draft report but rather notes authored by Exponent employee Libby Morimoto. In accordance with this Court's March 9 order, such notes are not protected work product and MAK_PL001765 must be produced.

**B. Additional In Camera Review**

As the Court has conducted a second in camera review of the at-issue documents, the Court finds that the Republic's request to conduct yet another in camera review of all documents withheld by respondents to be unnecessary. Accordingly, to the extent the Republic seeks further in camera review of documents beyond those currently in dispute, the Court denies the Republic's request for further in camera review.

**C. Extended Deposition Time**

As the Court indicated at the December 21, 2011 hearing, the newly produced documents warrant additional deposition time. *See* Hr'g Tr. 62:6-11, Dkt. No. 54. Accordingly, the Court orders that Dr. Kelsh be produced for deposition for an additional 4 hours. The scope of the deposition is to address the substance of documents produced after Dr. Kelsh's orignal deposition. The parties are ordered to meet and confer regarding the date, time, and location for the extended deposition, which is to be concluded on or

---

[2] The draft reports sought by the Republic include drafts authored by the following experts: Alejandro Arana and Felix Arellano; Gregory Douglas; Laura Green; Roberto Landazuri; Thomas McHugh; Deborah Proctor; Ted Tomasi; and Robert Wasserstrom. Respondents assert that the reports of these testifying experts were ultimately submitted in the underlying litigation. Opp'n Mot. Compel at 7.

1 | before February 8, 2013.

## IV. CONCLUSION

The Republic's motion to compel is GRANTED in part and DENIED in part, consistent with the findings set forth above. The Court orders respondents to produce the following documents on or before January 18, 2013: MAK_PL000775; MAK_PL000821; MAK_PL000830; MAK_PL001000; MAK_PL001178; MAK_PL001277; MAK_PL001307; MAK_PL001348; MAK_PL001351; MAK_PL001408; MAK_PL001439; MAK_PL001514; MAK_PL001528; MAK_PL001627; MAK_PL001665, MAK_PL001765, and MAK_PL001765. Any party may object to this order within fourteen days of the filing date. *See* Civil L.R. 72-2.

IT IS SO ORDERED.

DATED: January 15, 2013

NATHANAEL M. COUSINS
United States Magistrate Judge